STATE OF NORTH CAROLINA EX REL. S. THOMAS RHODES, SECRETARY, DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT AND DAVID W. OWENS, DIRECTOR, DIVISION OF COASTAL MANAGEMENT v. R. O. GIVENS, SR. AND R. O. GIVENS SIGNS, INC.

No. 901SC562

(Filed 19 February 1991)

Jury § 1 (NCI3d) — removal of sign — compliance with CAMA — no right of signowner to jury trial

The trial court did not err in denying defendants a trial by jury in a proceeding to require them to remove a sign and to comply with the Coastal Area Management Act, since the provisions of Article I, § 25 of the N.C. Constitution did

not apply; defendants did not raise any counterclaims which existed prior to adoption of the 1868 Constitution; and defendants did not proceed pursuant to N.C.G.S. § 113A-123(b) which does provide a trial by jury.

**Am Jur 2d, Jury §§ 7, 10.**

APPEAL by defendants from order entered 22 January 1990 by *Judge D. M. McLelland* in DARE County Superior Court. Heard in the Court of Appeals 6 December 1990.

On or about 17 April 1987, defendants obtained a Dare County building permit and were informed that no Coastal Area Management Act (CAMA) permit was necessary. On or about 27 April 1987, defendants began constructing a 600 square foot "V" sign on Langley Island. On the same day, the Dare County CAMA Officer issued a stop work order to defendants and informed them that a CAMA permit was required. Defendants stopped construction and applied for a CAMA permit. On 7 May 1987, defendants' application was transferred to the Town of Nags Head CAMA permit officer for processing. On 13 May 1987, defendants resumed construction of the sign without having obtained a CAMA permit. On the same day, the permit application was denied, and a Town of Nags Head building inspector allegedly attempted to deliver a notice of violation and stop order to defendant. Defendants continued construction on the sign and completed it on or about 26 June 1987.

The State brought this action seeking a preliminary injunction to require defendants to remove the sign and comply with CAMA. On 9 February 1988, defendants filed an answer and on 10 March 1988 filed an amended answer, raised several affirmative defenses, and demanded trial by jury. On 23 February 1988, the trial court granted the State's motion for a preliminary injunction prohibiting defendant from improving the sign or extending or entering new contracts for lease of advertising space. On 12 April 1988, the State filed a motion seeking to strike insufficient defenses, and on 13 June 1988 filed a motion seeking to deny defendants' demand for trial by jury. On 1 September 1988, the State filed a motion for summary judgment, which the trial court denied on 27 September 1988. On 16 January 1990, the State filed an amended motion to strike insufficient defenses. On 12 February 1990, the trial court granted the State's motion to strike defendants' fourth and tenth

defenses alleging a taking without just compensation and entered an order denying defendants' request for trial by jury.

From the order denying trial by jury, defendants appeal.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Shearin & Archbell, by Roy A. Archbell, Jr., and Norman W. Shearin, Jr., for defendant-appellants.*

ORR, Judge.

The issue on appeal is whether the trial court erred in denying defendants' request for trial by jury. For the reasons set forth below, we affirm the order of the trial court denying defendants' request for trial by jury.

"An interlocutory order that denies a motion to deny a demand for jury trial affects a substantial right and is immediately appealable." *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 517, 385 S.E.2d 329, 331 (1989). Thus, defendants' appeal is properly before the Court.

Regarding the right to trial by jury, the North Carolina Constitution provides:

In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable.

N.C. Const. art. I, § 25.

In *Simpson*, our Supreme Court stated:

This Court has construed the predecessor to section 25 to apply only to actions respecting property in which the right to jury trial existed either at common law or by statute at the time of the adoption of the 1868 Constitution. For causes of action created since 1868, the right to a jury trial depends upon statutory authority. In the absence of statutory authority, there is no right to the trial of a case before a jury where the legislature created the cause of action after adoption of the 1868 Constitution. [citations omitted]

325 N.C. at 517, 385 S.E.2d at 331.

In *Simpson*, the State brought an action to enjoin the dredge and fill activity pursuant to CAMA and the Dredge and Fill Act of 1969. There the State sought to require the defendant to comply with the permit requirements and restore marshlands. The Court held that "CAMA and the Dredge and Fill Act are recent creations of the Legislature such that the provisions of article I, section 25 of the state Constitution do not apply." *Id.* at 515-16, 385 S.E.2d at 330. The Court also noted that neither at common law nor by statute by 1868 would the State's allegations have supported actions for damage to real estate or for nuisance. *Id.* at 519, 385 S.E.2d at 332. Therefore, the defendant was not entitled to trial by jury.

Defendants first contend that *Simpson* is distinguishable since here defendants have raised several affirmative defenses which existed in 1868 and thus defendants are not "exert[ing] any rights arising by virtue of CAMA." However, defendants cite no authority for this contention. The right to a trial by jury is determined by whether the "right and remedy" existed in 1868 and here defendants have not raised any counterclaims. *See Groves v. Ware*, 182 N.C. 553, 109 S.E. 568 (1921).

Defendants further rely on the *Simpson* Court's statement that there the defendant "might have had a right to a jury trial upon proper allegation that the final order of the Commission constituted a taking." 325 N.C. at 520, 385 S.E.2d at 333. However, in *Simpson* the Court was referring to the takings remedy of N.C. Gen. Stat. § 113A-123(b) (1989), which does provide a trial by jury. Under the statute, any person owning land in an area affected by an order of the Commission may petition the Superior Court within 90 days for a determination as to whether he is the owner of the land and whether the order constitutes a taking without compensation. The statute provides for a jury trial on all issues of fact. However, defendants here did not proceed pursuant to the statute, and although they received notice 13 May 1987, they did not allege a taking until filing their answer 9 February 1988.

In summary, we conclude that the trial court did not err in denying the defendants a trial by jury.

Affirmed.

Judges PHILLIPS and GREENE concur.